IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
SEP 27 2010
CLERK, US DISTRICT COURT
NORFOLK, VA

JACK W. GIBSON,

    Plaintiff,

vs.                                                                          Civil No. 2:10cv478

THE BANK OF HAMPTON ROADS,
THE BANK OF HAMPTON ROADS SUPPLEMENTAL
RETIREMENT PLAN,
HAMPTON ROADS BANKSHARES, INC.,
JOHN A. B. DAVIES, JR., WILLIAM BRUMSEY, III,
PATRICK E. CORBIN, HENRY P. CUSTIS, DOUGLAS J. GLENN,
HERMAN A. HALL, III, RICHARD F. HALL, III,
RICHARD R. KINSER, WILLIAM A. PAULETTE,
BOBBY L. RALPH, BILLY ROUGHTON,
JORDAN E. SLONE, ROLAND CARROLL SMITH, JR.,
OLLIN B. SYKES, EMIL A. VIOLA, FRANK T. WILIAMS,
W. LEWIS WITT, and JERRY T. WOMACK,

    Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Jack W. Gibson ("Plaintiff" or "Gibson"), by counsel, and for his Complaint against Defendants The Bank of Hampton Roads ("Bank of Hampton Roads"), The Bank of Hampton Roads Supplemental Retirement Plan (the "Plan"), Hampton Roads Bankshares, Inc. ("Hampton Roads Bankshares"), John A. B. Davies, Jr. ("Davies"), William Brumsey, III ("Brumsey"), Patrick E. Corbin ("Corbin"), Henry P. Custis ("Custis"), Douglas J. Glenn ("Glenn"), Herman A. Hall, III ("H. Hall"), Richard F. Hall, III ("R. Hall"), Robert R. Kinser ("Kinser"), William A. Paulette ("Paulette"), Bobby L. Ralph ("Ralph"), Billy Roughton ("Roughton"), Jordan E. Slone ("Slone"), Roland Carroll Smith, Sr. ("Smith"), Ollin B. Sykes ("Sykes"), Emil A. Viola ("Viola"), Frank T. Williams ("Williams"), W. Lewis Witt ("Witt"), and Jerry T. Womack ("Womack"), and states and avers as follows:

*Jurisdiction and Venue*

1. This case involves a claim against the Bank of Hampton Roads Supplemental Retirement Plan (the "Plan"), which is an employee benefit plan covered by the Employee Retirement Income Security Act, 29 U.S.C. §1000, *et seq.* ("ERISA"). The Court has jurisdiction of this case pursuant to 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3), 1132(e)(1), 1132(g)(2)(D) and 1132(f). These provisions of ERISA give jurisdiction to this Court to hear civil actions brought to recover benefits due under the terms of an employee benefit plan and to grant equitable relief. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 which gives jurisdiction over actions that are brought under the laws of the United States.

2. This Court has supplemental jurisdiction over the additional claims pursuant to 28 U.S.C. § 1367(a).

3. ERISA provides for administrative or internal appeal of benefits denials. All such avenues of appeal of the denial of the Mr. Gibson's retirement benefits required have been exhausted and this matter is now properly before this Court for judicial review.

4. Venue properly lies in the Eastern District of Virginia pursuant to 29 U.S.C. §1132(e)(2) because one or more of the defendants resides or may be found in this District, the Plan which is the subject of this action is administered in this District and the alleged breaches took place in this District. Venue is also appropriate pursuant to 29 U.S.C. §1391(b) because defendants reside in this District and a substantial part of the events or omissions giving rise to the claims occurred within in this District.

*Parties*

5. Jack W. Gibson ("Gibson") resides in Chesapeake, Virginia. Gibson was engaged as a fulltime employee of Bank of Hampton Roads and its parent company Hampton Roads Bankshares, Inc. ("Hampton Roads Bankshares") from February 16, 1987 until May 18, 2009.

6. The Plan constitutes an "employee benefit plan" as defined by 29 U.S.C. § 1002(1).

7. The Plan is a benefit plan governed by ERISA engaged in providing retirement income benefits. Hampton Roads Bankshares is a corporation organized and existing under the laws of the Commonwealth of Virginia. Bank of Hampton Roads is a wholly owned subsidiary of Hampton Roads Bankshares.

8. The Plan Administrator is defined in the Plan as the Board of Directors for the Bank of Hampton Roads, a corporation organized and existing under the laws of the Commonwealth of Virginia. Bank of Hampton Roads is a wholly owned subsidiary of Hampton Roads Bankshares which is a corporation organized and existing under the laws of the Commonwealth of Virginia. Because Bank of Hampton Roads is governed by the Board of Directors of its parent company, Hampton Roads Bankshares, the Plan Administrator for the Plan is the Board of Directors of Hampton Roads Bankshares.

9. Davies, Brumsey, Corbin, Custis, Glenn, H. Hall, R. Hall, Kinser, Paulette, Ralph, Roughton, Slone, Smith, Sykes, Viola, Williams, Witt and Womack are members of the Board of Directors of Hampton Roads Bankshares and all reside within the jurisdiction of this Court.

*Facts*

10. The Plan was established through the Supplemental Retirement Agreement dated January 1, 1993 and as amended on December 9, 2003, May 27, 2008, and in December 2008. The Plan is attached hereto as Exhibit A and incorporated herein as if set out in full.

11. The Plan defines Gibson's Plan Retirement Date as November 9, 2010.

12. The Plan defines "Change in Control" as:

(a) the date that any one person, or more than one person, acting as a group, acquires ownership of stock of the Parent Company that, together with stock held by such person or group constitutes more than 50% of the total fair value or total voting power of the stock of the Parent Company, (b) the date any one person or more than one person, acting as a group, acquires (or has acquired ownership during the 12 month period ending on the date of the most recent acquisition to be such person) ownership of stock of the Parent Company possessing 30% or more of the total voting power of the stock, or (c) the date a majority of the members of the Parent Company's Board is replaced during any twelve (12) month period by directors whose appointment or election is not endorsed by a majority of the members of the Parent Company's Board before the date of the appointment or election.

13. The Plan provides that "Parent Company" shall mean Hampton Roads Bankshares, Inc.

14. On December 30, 2008, a Change of Control occurred when the shareholders of Gateway Financial Services acquired 8,513,595 shares of Hampton Roads Bankshares which was 39% of the outstanding shares.

15. Gibson was terminated from Hampton Roads Bankshares without cause on or about May 18, 2009 (the "Termination Date").

16. According to Section 5.02 of the Plan, if Gibson was terminated from his employment without cause prior to the Plan Retirement Date, he became entitled to a lump sum payment equal to the present value of his accrued benefit.

17. As of the Termination Date, the present value of Gibson's accrued benefit was Three Million Nine Hundred Forty-Three Thousand Six Hundred Forty-Six Dollars and Thirty-Six Cents ($3,943,646.36).

18. Section 5.03 of the Plan provides for the payment of additional benefits in the event that Gibson's services are terminated within twenty-four (24) months of a Change in Control. Pursuant to Section 5.03 of the Plan, in the event that this circumstance occurred, Gibson was entitled to the benefits set forth in Section 5.02 in addition to an additional payment of 50% of that amount. Under Section 5.03 of the Plan, Gibson was entitled to an additional One Million Nine Hundred Seventy-One Thousand Eight Hundred Twenty-Three Dollars and Ten Cents ($1,971,823.10).

19. Under the Plan, as of the Termination Date, the total amount due and owing to Gibson was Five Million Nine Hundred Fifteen Thousand Four Hundred Sixty-Nine Dollars and Forty Cents ($5,915,469.40).

20. To date, Gibson has not received the retirement benefits to which he is entitled under the Plan.

21. Gibson has submitted claims for payment to the Plan Administrator. The Plan Administrator has failed to respond to Gibson's requests for payment.

22. The Plan Administrator's failure to respond to Gibson's demand for payment of benefits due and owing under the Plan constitutes a denial of his benefits.

23. The Plan is funded by Hampton Roads Bankshares. Section 8.01 of the Plan provides as follows:

> The Corporation reserves the absolute right at its sole and exclusive discretion either to fund the obligations of the Corporation undertaken by this agreement or to refrain from funding the same, and to determine the extent, nature and method of such funding.

24. The Plan Administrator has a conflict of interest because the Corporation on which the Board of Directors serves also funds the Plan.

25. The Plan did not expressly grant the Plan Administrator discretionary authority to determine eligibility for benefits or to construe the terms of the Plan and thus the Court should review the denial of benefits under a de novo standard of review.

26. Gibson resigned from his employment with The Bank of Hampton Roads and Hampton Roads Bankshares on May 18, 2009, pursuant to a Separation Agreement with Hampton Roads Bankshares ("Separation Agreement"), a copy of which is attached hereto as Exhibit B and incorporated herein as if set out in full.

27. Pursuant to the Separation Agreement, Gibson was to serve as a consultant for Hampton Roads Bankshares for a period of three years from the date of the Separation Agreement.

28. In exchange for Gibson's consulting services and Gibson's agreement to be bound by restrictive covenants as detailed in the Separation Agreement, Hampton Roads Bankshares agreed to pay Gibson the total sum of One Million Three Hundred Thousand Dollars ($1,300,000.00). This amount was to be paid in two separate installments: Six Hundred Thousand Dollars ($600,000.00) was to be paid on the date that of the Separation Agreement and Seven Hundred Thousand Dollars ($700,000.00) was to be paid on January 1, 2010.

29. Hampton Roads Bankshares paid Gibson the first payment of Six Hundred Thousand Dollars ($600,000.00).

30. Hampton Roads Bankshares has refused and continues to refuse to pay Gibson the remaining Seven Hundred Thousand Dollars ($700,000.00) due and owing to Gibson since January 1, 2010.

31. Gibson has complied with all terms and provisions of the Separation Agreement.

## FIRST CAUSE OF ACTION
## (CLAIM FOR RETIREMENT BENEFITS UNDER ERISA)

32. Gibson repeats, reiterates and re-alleges each and every allegation contained in all of the foregoing paragraphs of this Complaint, with the same force and effect as if more fully set forth at length herein.

33. Gibson brings this action pursuant to 29 U.S.C. § 1132(a)(1)(b).

34. Gibson was entitled to a lump sum benefit in the amount of one and a half times the present value of his accrued benefit as of the Termination Date according to the terms of the Plan.

35. The denial of Gibson's claim for benefits was erroneous and in direct violation of the terms of the Plan.

36. Gibson is entitled to retirement benefits as set forth in the Plan, plus interest that has accrued to date.

37. As a direct and proximate result of the denial of retirement benefits under the Plan, Gibson has suffered damages and losses as follows:

    a. Retirement benefits in the amount of $5,915,469.40;

    b. Interest accrued on the retirement benefits;

    c. Attorneys' fees and costs incurred in pursuing this claim; and

    d. Additional damages as may be determined at trial.

## SECOND CAUSE OF ACTION
## (REQUEST FOR RELIEF UNDER 29 U.S.C. §1132(a)(3))

38. Gibson repeats, reiterates and re-alleges each and every allegation contained in all of the foregoing paragraphs of this Complaint, with the same force and effect as if more fully set

forth at length herein.

39. Gibson brings this action pursuant to 29 U.S.C. § 1132(a)(3).

40. Gibson requests a declaratory judgment that he is entitled to payment of the full amount of benefits claimed under the express terms of the Plan.

41. Gibson requests that a trust be established and funded with the amount necessary to provide the benefits due Gibson under the express terms of the Plan.

## THIRD CAUSE OF ACTION
## (BREACH OF FIDUCIARY DUTY UNDER ERISA)

42. Gibson repeats, reiterates and re-alleges each and every allegation contained in all of the foregoing paragraphs of this Complaint, with the same force and effect as if more fully set forth at length herein.

43. Gibson brings this action pursuant to 29 U.S.C. § 1132(a)(1)(b).

44. Hampton Roads Bankshares is a fiduciary under ERISA and under the terms of the Plan.

45. Davies, Brumsey, Corbin, Custis, Glenn, H. Hall, R. Hall, Kinser, Paulette, Ralph, Roughton, Slone, Smith, Sykes, Viola, Williams, Witt and Womack are members of the Board of Directors of Hampton Roads Bankshares and fiduciaries under ERISA and the terms of the Plan.

46. Hampton Roads Bankshares, Davies, Brumsey, Corbin, Custis, Glenn, H. Hall, R. Hall, Kinser, Paulette, Ralph, Roughton, Slone, Smith, Sykes, Viola, Williams, Witt and Womack have failed and continue to fail to respond to Gibson's requests for benefits under the Plan.

47. Hampton Roads Bankshares, Davies, Brumsey, Corbin, Custis, Glenn, H. Hall, R. Hall, Kinser, Paulette, Ralph, Roughton, Slone, Smith, Sykes, Viola, Williams, Witt and

Womack failure to respond to Gibson's request for benefits constitutes a breach of fiduciary duty.

48. Hampton Roads Bankshares, Davies, Brumsey, Corbin, Custis, Glenn, H. Hall, R. Hall, Kinser, Paulette, Ralph, Roughton, Slone, Smith, Sykes, Viola, Williams, Witt and Womack failure to pay Gibson retirement benefits to which he is entitled under the terms of the Plan constitutes a breach of fiduciary duty.

49. As a direct and proximate result of this breach of fiduciary duty, Gibson has suffered economic damages and losses as set forth in Paragraph 25 herein.

## FOURTH CAUSE OF ACTION
## (BREACH OF CONTRACT)

50. Gibson repeats, reiterates and re-alleges each and every allegation contained in all of the foregoing paragraphs of this Complaint, with the same force and effect as if more fully set forth at length herein.

51. The Separation Agreement is a contract between Gibson and Hampton Roads Bankshares.

52. By the express terms of the Separation Agreement, Hampton Roads Bankshares was to pay Gibson Seven Hundred Thousand Dollars ($700,000.00) on January 1, 2010.

53. By failing to pay Gibson all amounts due under the Separation Agreement, Hampton Roads Bankshares is in breach of the Separation Agreement.

54. Gibson has been injured by Hampton Roads Bankshares' breach of contract in the amount of Seven Hundred Thousand Dollars ($700,000.00).

55. The whole of said amount is now due and owing and Gibson has a just right to recover the same from Hampton Roads Bankshares.

WHEREFORE, Jack. W. Gibson demands judgment in the form of:

a. Damages in the amount of amount of $5,915,469.40 based on unpaid retirement benefits due under the terms of the Plan;

b. Damages in the amount of $700,000.00 based on Hampton Roads Bankshares' breach of contract;

c. An Order declaring that Jack W. Gibson is entitled to payment of the full amount of benefits claimed under the express terms of the Plan;

d. The establishment of a trust funded with the amount necessary to provide the benefits due Gibson under the express terms of the Plan;

e. Pre-judgment and Post-judgment interest;

f. Plaintiff's attorneys' fees and full costs of suit, pursuant to 29 U.S.C. §1132(g); and

g. Any such further relief as the Court deems just and equitable.

Dated this 24th day of September, 2010.

JACK W. GIBSON

By_____

Ann K. Sullivan, VSB #17762
Elaine Inman Hogan, VSB #48409
CRENSHAW, WARE & MARTIN, P.L.C.
1200 Bank of America Center
Norfolk, VA 23510
(757) 623-3000
Facsimile (757) 623-5735
asullivan@cwm-law.com
ehogan@cwm-law.com